## DISTRIBUTION.

### *No.* 1.

**SAMUEL BUEL** *against* **ROGER ENOS.**  *Chittenden, 1820.*

GOODS illegally imported into the District of Vermont, seized by the Inspectors of
of the Collector of the District of Vermont, in the district of M. and libelled as seized
by the Collector of the District of M. in said district, and condemned, the moiety be-
longs to the Collector of the District of M.

THIS was an action of Assumpsit for money had and re-
ceived.   Plea non assumpsit, and trial at June term, 1819 :

The plaintiff's specification was a moiety of the proceeds of
a certain seizure of goods, made at Newbury, in the State of
Vermont, while the plaintiff was Collector of the Customs for
the District of Vermont, to wit, on the 20th day of August
1812, which goods were libelled at a special term of the Dis-
trict Court of the United States, for the Vermont District, in
April, 1813, and were condemned, at the special term of said
Court, in June 1813, and of which Abijah Stone was claimant,
and which were appraised and delivered on bonds at the sum of
$2818,33: There were two other items in the specification which
were waved by consent of parties:   On the trial of the cause,

before the Court and Jury, it was proved that the plaintiff was Collector for the District of Vermont, from the first day of April, 1811, until the 15th day of February, 1815; that the goods in question were imported from Canada, into the District of Vermont, in August, 1812 ; that they were pursued by inspectors of the customs appointed by the plaintiff, to Newbury in the State of Vermont, and there, by them, seized on the 20th day of August, A. D. 1812 ; that they were by said Inspectors reported to the plaintiff, and by the plaintiff delivered to the Marshal of the Vermont District, for safe keeping, on the 16th day of October, 1812; that on the 3d day of April, 1813, the plaintiff delivered to the United States' Attorney, for the Vermont District, a written report of the said seizure, with a request, that the same should be prosecuted to condemnation, which report was dated the 12th day of February, 1815 ; that the said Attorney considered there could be no condemnation of the goods, if a claim were interposed, unless they were prosecuted by the Collector within whose district the seizure was in fact made, and that he found by conversing with the Collectors of the Districts of Vermont and Memphramagog, that they were agreed in the construction of the law, relative to the boundaries of the District of Memphramagog; to wit, that it contained all that part of the State of Vermont east of the meridian of Lake Memphramagog, which would include the place of seizure ; and that the said goods were, therefore, at a special term of the District Court of the United States, holden at Rutland, within and for the Vermont District, on the 5th of April, 1813, libelled by the said Attorney, as seized by the Collector of the District of Memphramagog, within said District ; that they were claimed by one Abijah Stone, and that they were duly condemned on that libel, at a special term of said Court, in June, 1813, as forfeited to the United States : It was further proved that the goods had, by order of Court, been delivered to the said Abijah Stone, on bonds, at an appraisal of $2818,33, which amount was paid, by said claimant, to the Clerk of said Court, and by him paid, in June, 1813, to the defendant Col-

lector of the District of Memphramagog, for distribution, and that a moiety of said sum had been demanded by plaintiff of defendant, previous to the commencement of the suit ; it appeared that the sum, exclusive of what belonged to the United States, and to the informers, and which had been paid by defendant, amounted, with interest from the time of said demand, to the sum of $341,97.

On this statement of facts the Judge charged the Jury to find a verdict for the plaintiff, and the Jury returned a verdict accordingly. Motion for new trial, founded on exceptions to the opinion and charge of the Judge.

Opinion of the Court. This case is one most peculiarly proper for the decision of the Courts of the United States ; a dispute between two officers of the United States, concerning the construction of an act of the United States, distributing fines and forfeitures, and a question which concerns the officers of the government generally, throughout the United States. As the judgment of this Court may be reviewed by the Supreme Court of the United States, the Court consider their decision to be of little importance, and the question foreign to their proper jurisdiction ; an opinion has been, therefore, formed, without taking that time for consideration, which the difficulty of the subject requires.

1. The Court consider the place of seizure to be in the District of Memphramagog.

2. The Court have not attempted to enquire into the object of the Act of Congress, in distributing the fines and forfeitures, incurred by illegal importations of goods ; whether it is to excite to individual vigilance, or as a general inducement to the officers, is immaterial : The opinion of the Court is founded on the 91st section of the Act. In this section Congress have professed to distribute all fines and forfeitures incurred under this Act ; that the word forfeitures includes seizures, is manifest, from the preceding section ; the avails of these forfeitures are to be paid to the Collector, who made the seizure, to be by him *distributed* according to law ; the 91st section is the law

referred to, and by this section, one moiety is to be paid to the Collector of the collection district where the forfeiture was *incurred*. In this case the forfeiture was incurred in the District of Vermont. This distribution would excite to a general vigilance, for if the Collector of Vermont District is entitled to a moiety of the forfeitures incurred in his District, but the seizures made in the District of Memphragog, he is also reciprocally answerable for seizures made in his district, but the forfeiture incurred in another District.

*Judgment*, that defendant take nothing by his motion, and Judgment rendered on verdict.